UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| JAHMAL KENYATTA TORY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 3:20-CV-180-PLR-DCP |
| ) | |
| SARAH MORGAN, BRENDAN DEBOER, ) | |
| SHANE EZELL, JAMIE KETNER, and ) | |
| APRIL FARMER, ) | |
| ) | |
| Defendants. ) | |

## REPORT AND RECOMMENDATION

The Court is in receipt of a Complaint filed by Plaintiff Jahmal Tory, a pro se prisoner, alleging violations of his civil rights [Doc. 1]. Plaintiff also filed a Motion for Leave to Proceed in Forma Pauperis [Doc. 4], which was denied as moot in the Court's August 12, 2020 Order, after an individual paid the $400 filing fee on Plaintiff's behalf [Doc. 5]. As explained in the Order [Doc. 5], reviewing a complaint "pursuant to 28 U.S.C. § 1915A is appropriate regardless of indigency status when the claim is brought against the state." *Dekoven v. Bell*, 140 F. Supp. 2d 748, 755 (E.D. Mich. 2001). In embarking on a review of Plaintiff's Complaint, the Court noted that Plaintiff provided no details of his current incarceration or the status of any criminal charges or convictions relating to the allegations in the complaint that would allow the Court to determine whether his lawsuit was barred by *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). [Doc. 5 at 4]. The Court ordered Plaintiff to advise the Court in writing as to the status of his criminal charges and/or convictions that relate to the incident as alleged in his Complaint. Plaintiff filed his response on August 24, 2020 [Doc. 6].

Accordingly, for the reasons more fully explained below, the Court **RECOMMENDS** that Defendant April Farmer be **DISMISSED** from this lawsuit and that Plaintiff's request to file criminal charges against Defendants be **DISMISSED**. Otherwise, the Court **RECOMMENDS** that the lawsuit proceed beyond the initial screening for further development.

## I. COMPLAINT SCREENING

Under the Prison Litigation Reform Act ("PLRA"), district courts must screen prisoner complaints and shall, at any time, sua sponte dismiss any claims that are frivolous or malicious, fail to state a claim for relief, or are against a defendant who is immune. *See e.g.*, 28 U.S.C. §§ 1915(e)(2)(B) and 1915(A); *Benson v. O'Brian*, 179 F.3d 1014 (6th Cir. 1999). The dismissal standard articulated by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) "governs dismissals for failure state a claim under [28 U.S.C. §§ 1915(e)(2)(B) and 1915A] because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive an initial review under the PLRA, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). Courts liberally construe pro se pleadings filed in civil rights cases and hold them to a less stringent standard than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

In the instant matter, an individual on Plaintiff's behalf paid the filing fee. "The Court of Appeals has held that the authority to screen and *sua sponte* dismiss complaints under 28 U.S.C. § 1915(e)(2) is limited to those complaints filed *in forma pauperis.*" *Dekoven v. Bell*, 140 F. Supp. 2d 748, 755 (E.D. Mich. 2001), *aff'd*, 22 F. App'x 496 (6th Cir. 2001) (citing *Benson v. O'Brian,* 179 F.3d 1014, 1015 (6th Cir. 1999)); *see also Barnes v. Combs*, No. 2:11-CV-14484,

2011 WL 5599398, at *1 (E.D. Mich. Nov. 16, 2011) ("Plaintiff paid the $350 filing fee, thus rendering inapplicable this court's authority to screen such complaints for frivolity or maliciousness pursuant to 28 U.S.C. § 1915(e)(2)").

As previously noted, however, reviewing the complaint "pursuant to 28 U.S.C. § 1915A is appropriate regardless of indigency status when the claim is brought against the state." *Dekoven*, 140 F. Supp. 2d at 755. "Therefore, if a prisoner's complaint seeks relief from a governmental entity, officer, or employee, Congress has directed that the district court must dismiss it, or any part thereof, which (a) is frivolous, malicious, or fails to state a claim upon which relief can be granted, or (b) seeks monetary relief from a defendant who is immune from suit for monetary damages." *Barnes,* 2011 WL 5599398, at *1 (citing 28 U.S.C. § 1915A).

In the present matter, Plaintiff has filed a Complaint, naming in the caption the following Defendants: Sarah Morgan, Brendan Deboer, Shane Ezell, Jamie Ketner, and April Farmer. [Doc. 1 at 1]. The Court notes that Plaintiff does not identify April Farmer's role. With respect to the remaining individuals, Plaintiff claims that Sarah Morgan ("Morgan") is an investigator with the Knoxville Police Department and that Defendants Brendan Deboer ("Deboer"), Shane Ezell ("Ezell"), and Jamie Ketner ("Ketner") serve on the 9th Judicial Drug Task Force. [*Id.* at 3]. Given that Plaintiff alleges claims that are against government officials, the Court will proceed to screen the Complaint pursuant to 28 U.S.C. § 1915A.

Plaintiff alleges that Defendant Sarah Morgan ("Morgan") made false statements in an affidavit in support of a search warrant of Plaintiff's residence. [Doc. 1 at 3-4]. Plaintiff submits that the officers (1) committed predatory actions against him, (2) engaged in unlawful misconduct, (3) performed an illegal search and seizure, (4) committed forgery, and (5) committed perjury. [*Id.* at 4]. Plaintiff states that Morgan, Deboer, Ezell, and Ketner collaborated to injure Plaintiff's

3

person. [*Id.*]. In addition, Plaintiff filed photographs, which were apparently used to obtain the search warrant. [*Id.* at 6-13]. Plaintiff states that the photographs show that the evidence that was found in support of the search warrant was not located near Plaintiff's residence. [*Id.*]; *see also* [*id.* at 24] (affidavit in support of search warrant explaining that the 9th Judicial Drug Task Force conducted a trash pull at Plaintiff's residence and found incriminating items).

With his filings, Plaintiff also included the search warrant application, affidavit, and search warrant. [*Id.* at 15–25]. The application for the search warrant states that Morgan has been investigating the distribution of methamphetamine and heroin by Plaintiff. [*Id.* at 23]. In addition, the application for the search warrant states that two individuals reported to Deboer and one individual reported to Ezelle that they purchased drugs from Plaintiff. [*Id.* at 23–24].

Plaintiff also filed a Notice of Property Seizure and Forfeiture of Conveyances ("Notice"). [*Id.* at 26]. According to the Notice, Ketner seized Plaintiff's vehicle that was in the possession of Gary Gibson. [*Id.*]. The vehicle contained two ounces of crystal methamphetamine. [*Id.*]. Plaintiff complains that Ketner allowed Gibson to sign the Notice, and then Ketner forged Plaintiff's ex-girlfriend's name on the paperwork and mailed them to Plaintiff's ex-girlfriend. [*Id.* at 25]. Plaintiff states that he never received the paperwork concerning his property or the drugs that were reportedly found in the vehicle. [*Id.* at 27]. Plaintiff requests criminal charges be brought against the officers that were involved in the actions taken against him and that he be compensated for the injuries that they afflicted on him and his property. [*Id.* at 32].

As an initial matter, the Court notes that while April Farmer is listed in the caption of the Complaint, there are no allegations against her in the Complaint, and Plaintiff does not include her name when listing the additional Defendants. [Doc. 1 at 3]. The Court **RECOMMENDS** that April Farmer be **DISMISSED** from this action. *Scott v. Hammons,* No. 6:16-CV-0018-GFVT,

4

2016 WL 7404702, at *2 (E.D. Ky. Dec. 21, 2016) ("First, the Court must summarily dismiss Mary Hammons and Linda Smallwood as defendants in this action. While Scott named them as defendants in the caption of his complaint, he makes neither any reference to nor allegations against either of them in the body of the complaint."). In addition, while Plaintiff requests that criminal charges be initiated against Defendants, "a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another." *Jackson v. Hardin Cty. Drug Task Force DEA*, No. 3:18CV-P88-CRS, 2018 WL 1613782, at *3 (W.D. Ky. Apr. 3, 2018) (quoting *Linda R. S. v. Richard D.*, 410 U.S. 614, 619 (1973)). Accordingly, the Court **RECOMMENDS** that Plaintiff's request that criminal charges be brought against the officers also be **DISMISSED**.

With respect to the remaining allegations, the Court has reviewed Plaintiff's status report [Doc. 6], noting that he reports that the state charges stemming from actions alleged in the Complaint are still pending and that "according to my federal attorney, these charges are to be dismissed after my federal sentencing." [Doc. 6 at 1]. Plaintiff further reports that he was charged in a federal indictment in the Eastern District of Tennessee, Case No. 3:19-CR-49. A review of the docket in that case reveals that Plaintiff was recently sentenced on September 16, 2020, to 63 months imprisonment as to each of Counts 1 and 4 to run concurrently followed by 4 years supervised release. [Doc. 186].

Courts liberally construe pro se pleadings filed in civil rights cases and hold them to a less stringent standard than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Under this standard, Plaintiff has plausibly pled a claim that the officers fabricated evidence to obtain a search warrant in violation of his Fourth Amendment rights, *see Garcia v. Nerlinger*, No. 1:10-cv-788, 2010 WL 6494077 (S.D. Ohio Nov. 15, 2010) (allowing a complaint to proceed that alleged similar allegations against an officer), and that his Due Process rights were

5

violated, *see Int'l Metal Trading Inc. v. City of Romulus, Mich.*, 438 F. App'x 460, 462–63 (6th Cir. 2011) (explaining that "[h]istorically, this guarantee of due process has been applied to deliberate decisions of government officials to deprive a person of life, liberty or property") (quoting *Daniels v. Williams,* 474 U.S. 327, 3312 (1986)). However, because Plaintiff's contentions concern a purported invalid search warrant, the rule formulated in *Heck v. Humphrey,* 512 U.S. 477 (1994) may apply. Under *Heck*, in an action for damages, if a judgment in favor of the plaintiff would necessarily imply the invalidity of his state court conviction or sentence, his § 1983 complaint must be dismissed, unless he can demonstrate his conviction or sentence has already been invalidated. *Id.* at 486. In other words, "no cause of action exists unless a conviction has been legally eliminated." *Schilling v. White*, 58 F.3d 1081, 1086 (6th Cir. 1995). The *Heck* bar precludes a prisoner's use of § 1983 to collaterally attack an outstanding conviction because of the Court's respect for "finality and consistency." *Id.* at 486. The *Heck* Court observed, however, that even if successful, some Fourth Amendment claims brought under § 1983 "would not *necessarily* imply that the Plaintiff's conviction was unlawful" due to doctrines like independent source, inevitable discovery, and harmless error. *Id*. at 487 n. 7.

At this juncture, the applicability of *Heck* cannot be determined from the face of the Complaint and will need further development to determine whether Plaintiff's challenges would invalidate any state charge or his recent federal conviction. *See Braxton v. Scott,* 905 F.Supp. 455, 457 (N.D. Ohio 1995) (noting that despite no state conviction or direct challenge to a federal conviction, a § 1983 plaintiff's suit is barred by *Heck* if the harm he complains of would invalidate his federal conviction). Additionally, the Court recommends that Plaintiff's potential due process claim should proceed at this time, as Plaintiff has alleged that he failed to receive any notice concerning the seizure and forfeiture of his property.

6

Case 3:20-cv-00180-KAC-DCP Document 8 Filed 09/28/20 Page 6 of 7 PageID #: 74

## II. CONCLUSION

For the reasons set forth above, the Court **RECOMMENDS** that Plaintiff's Motion for Leave to Procced in Forma Pauperis [**Doc. 4**] be **DENIED AS MOOT**. The Court further **RECOMMENDS** that April Farmer be **DISMISSED** from this lawsuit and that Plaintiff's request for criminal charges against Defendants also be **DISMISSED**. In addition, the Court finds that the Complaint states colorable constitutional claims, and it is **RECOMMENDED** that the case survive the initial screening and be allowed to proceed for further development. No process shall issue at this time until the District Judge has ruled on this Report and Recommendation,[1] because the undersigned **RECOMMENDS** that Defendant April Farmer be **DISMISSED** and that Plaintiff's request that criminal charges be filed against Defendants also be **DISMISSED**.

Respectfully submitted,

*Debra C. Poplin*
Debra C. Poplin
United States Magistrate Judge

---

[1] Any objections to this Report and Recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Fed. R. Civ. P. 72(b)(2). Such objections must conform to the requirements of Federal Rule of Civil Procedure 72(b). Failure to file objections within the time specified waives the right to appeal the District Court's order. *Thomas v. Arn*, 474 U.S. 140, 153-54 (1985). "[T]he district court need not provide *de novo* review where objections [to the Report and Recommendation] are '[f]rivolous, conclusive or general.'" *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (quoting *Nettles v. Wainwright*, 677 F.2d 404, 410 n.8 (5th Cir.1982)). Only specific objections are reserved for appellate review. *Smith v. Detroit Federation of Teachers*, 829 F.2d 1370, 1373 (6th Cir. 1987).