UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| JAHMAL KENYATTA TORY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No.: 3:20-CV-180-KAC-DCP |
| ) | |
| SARAH MORGAN, BRENDAN DEBOER, ) | |
| SHANE EZELL, JAMIE KETNER, and ) | |
| APRIL FARMER, ) | |
| ) | |
| Defendants. ) | |

**ORDER ADOPTING REPORT AND RECOMMENDATION**

This civil case is before the Court on United States Magistrate Judge Debra C. Poplin's "Report and Recommendation" ("Report"), screening Plaintiff's complaint under 28 U.S.C. § 1915A [Doc. 8]. *See also Trusty v. Centurion Health Services*, No. 19-5872, 2020 WL 548225, *1 (6th Cir. Jan. 7, 2020). No Party objected to the Report, and the time to do so has passed [*See id.* at 8, n. 1 (providing fourteen (14) days to file any objections to the Report)]. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2).

As Judge Poplin analyzed in her Report [*see generally* Doc. 8], Plaintiff's Complaint [Doc. 1] does not contain any factual allegations against Defendant April Farmer, and Defendant Farmer must therefore be dropped from this action [*See* Doc. 8 at 4-5]. The Report also aptly concluded that this Court has no authority to order that "criminal charges be placed against the officials involved" [*see* Doc. 1 at 30 ("Relief" section of Complaint); *see also* Doc. 8 at 5]. *See Crutcher v. Colombo*, 2021 WL 6803114, *3 (6th Cir. Nov. 29, 2021) ("[A] private citizen lacks a judicially cognizable interest in the prosecution . . . of another." (quoting *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973))). As to Plaintiff's specific claims against the remaining "officer[s]," *see* 28

U.S.C. § 1915A, the Report concludes that (1) "Plaintiff . . . plausibly pled a claim that the officers fabricated evidence to obtain a search warrant in violation of his Fourth Amendment rights" and (2) plausibly pled that Plaintiff "failed to receive any notice concerning the seizure and forfeiture of his property" in violation of his procedural due process right [Doc. 8 at 5-6].

Accordingly, having reviewed the record, the Court **ACCEPTS** and **ADOPTS** Judge Poplin's Report [Doc. 8] under 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b)(2). The Court **DROPS** Defendant "April Farmer . . . from this lawsuit" and **DISMISSESS** Plaintiff's claim "for criminal charges against Defendants" [Doc. 8 at 7]. The remainder of Plaintiff's Complaint may "proceed for further development" [*Id.*]. The Court **DIRECTS** the Clerk of Court to send Plaintiff service packets (a blank summons and USM 285 form) for Defendants Sarah Morgan, Brendan Deboer, Shane Ezell, and Jamie Ketner. Plaintiff is **ORDERED** to complete the service packets and return them to the Clerk's Office within twenty-one (21) days of issuance of this Order. At that time, the summonses will be signed and sealed by the Clerk and forwarded to the U.S. Marshal for service. Fed. R. Civ. P. 4. Plaintiff has a "duty . . . to monitor the progress of the case, and to prosecute or defend the action diligently." *See* E.D. Tenn. L.R. 83.13. Plaintiff is forewarned that if he fails to timely return the completed service packets, this action will be dismissed. *See* Fed. R. of Civ. P. 4(m).

IT IS SO ORDERED.

_____
KATHERINE A. CRYTZER
United States District Judge